**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**BRYANT CARTER**                                                      **PETITIONER**

**VERSUS**                                          **CIVIL ACTION NO. 3:10CV95 WHB-LRA**

**STATE OF MISSISSIPPI**                                 **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

THIS CAUSE is before the Court on the Motion to Dismiss for Failure to Exhaust filed by the State of Mississippi [hereinafter Respondent]. Respondent moves this Court, pursuant to 28 U.S.C. §2254, to dismiss the Petition for Writ of Habeas Corpus of Bryant Carter [hereinafter Petitioner]. Respondent argues that Petitioner has failed to exhaust his state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

**FACTS AND PROCEDURAL HISTORY**

Petitioner was convicted of sexual battery of a child under the age of fourteen (14) in the Circuit Court of Pike County, Mississippi and on February 5, 2007, he was sentenced to serve a life sentence in the custody of the Mississippi Department of Corrections. (Exhibit A to Respondent's Motion to Dismiss).[1] Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, raising the following issues: (as paraphrased by Respondent):

    A.     Whether it was error to qualify Catherine Dixon and Keith Stovall as experts?

    B.     Whether there was prejudicial misuse of the tender

---

[1] Unless otherwise indicated, all exhibits reference the exhibits to Respondents' pleadings.

        years exception?

    C.    Whether the appellant was prejudiced by the prosecutor's coaching the prosecutrix in open court?

    D.    Whether several of the trial court's evidentiary rulings prejudiced the defense?

    E.    Whether the sentence is unconstitutionally disproportionate to the offense?

*See* Respondent's Motion to Dismiss, ECF No. 9, p. 3.

On July 22, 2008, the Mississippi Court of Appeals affirmed Petitioner's conviction and sentence in a written opinion. *See* **Carter v. State**, 966 So. 2d 112 (Miss. App. 2008), *reh'g denied*, October 28, 2008, *cert. denied*, December 12, 2008. The record reflects that Petitioner has not filed an application for leave to seek post-conviction relief in state court. On February 10, 2010, however, Petitioner filed the instant Petition for Writ of Habeas Corpus in which he raises the following as ground for relief (as stated by Petitioner):

    Ground One:    Expert Witness Qualification: Two of the state's witnesses were qualified as experts in the field of forensic interviewing even though their testimony was contradictory and conflicting as to industry standards and inconsistent with MS Rules of Evidence in application in their methodologies.

    Ground Two:    Abuse of Tender Years Exception: I feel there was plain-error prejudicial misuse of the tender years exception in this case in that the jury was subjected to the unnecessary repetition of the allegations a total of ten (10) times.

    Ground Three:    Coaching the Witness: Defense was

|   |   |
|---|---|
| | prejudiced by the State's coaching of the witness in open court. |
| Ground Four: | Cumulative Evidentiary Errors: Several of the trial courts rulings were prejudicial to the defense. |
| Ground Five: | Sentencing Disproportionate: Sentenced imposed was not proportionate to comparative cases tried in this circuit court, other Mississippi circuit Courts, or comparative to particular federal cases. |
| Ground Six: | Judicial Misconduct: Presiding circuit judge should have recused himself from proceedings on the basis of his professional relationship with Mrs. Paulette Bass of Jolimar–Summit Recovery Center. Mrs. Bass is the maternal grandmother of Vanessa Kelly. Petitioner feels that the relationship between Mrs. Bass and Hon. M. Taylor led to rulings that may have been prejudicial to the defense. |
| Ground Seven: | Ineffective Assistance of Counsel: Defense counsel failed to act upon supporting facts of "Ground Six" and also failed to ask particular questions in cross-examination of State's witnesses that would have alleviated jury's prejudice against defense's expert witness. Defense counsel after being denied at motion for mistrial, did not at any time consult with defendant concerning appeal issues. Defendant was, by counsel's inaction, excluded from the appeal process. |
| Ground Eight: | New Evidence: There are several points of fact that were not included at trial or on direct appeal (please refer to "Ground Seven (A)") that petitioner feels would have a produced a different verdict if they had been brought before the jury. Among these points of fact are: |

1. Mr. Derek Hollingsworth resided at defendants home at the time of alleged commitment date included in original indictment.

2. Petitioner's vocation at time of alleged commitment date and, indeed, throughout the entire relationship with alleged victim's mother.

3. Sleeping arrangements put in practice during residence at apartment and "the pink trailer."

4. Assistant D.A. Rodney Tidwell referred, in his closing statement, to a point of evidence not brought forth during questioning and stated his opinion as to why during questioning and stated his opinion as to why defendant never mentioned it.

5. Defendant's military training as a combat field medical specialist/EMT was "excluded" evidence that would have shown defendant's demeanor to be characteristic behavior.

## **APPLICABLE LAW**

This case is subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], 28 U.S.C. § 2254, as amended, which provides in relevant part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

>   (B)
>   >   (i) there is an absence of available State corrective process; or
>   >
>   >   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>   . . . .
>
>   (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Applicants seeking federal habeas relief under § 2254 are "required to exhaust all claims in state court prior to requesting federal collateral relief." **Fisher v. Texas**, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy the exhaustion requirement of §2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." **Nobles v. Johnson**, 127 F.3d 409, 420 (5th Cir. 1997). *See also* **Kunkle v. Dretke**, 353 F.3d 980 (5th Cir. 2003) *citing* **Graham v. Johnson**, 94 F.3d 958, 968 (5th Cir. 1996) (a habeas petitioner fails to exhaust "when he presents material additional evidentiary support to the federal court that was not presented to the state court.") A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See* **Murphy v. Johnson**, 110 F.3d 10, 11 (5th Cir. 1997).

Federal courts, however, have the authority to stay a habeas petition and hold it in abeyance while a petitioner exhausts his claims in state court. See

**Rhines v. Weber**, 544 U.S. 269, 125 S.Ct. 1528 (2005). The United States Supreme Court has cautioned, however, that "stay and abeyance should be available only in limited circumstances" because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts." **Id.** at 277, 125 S.Ct. 1528. Stay and abeyance is only appropriate when three requirements are met: (1) there is good cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are not plainly meritless; and, (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. **Id.** at 277-78.

While the first five grounds were raised on direct appeal, Petitioner has never presented Grounds Six, Seven and Eight to the state court in a properly procedural manner. These grounds were not submitted for review to the Mississippi Supreme Court on direct appeal, and Petitioner has not filed a post-conviction collateral relief motion raising these grounds. By footnote, however, Respondent notes that an application for post-conviction relief will likely be too late to toll the federal statute of limitations period absent additional statutory or equitable tolling. For these reasons, Respondent moves to dismiss the instant petition for failure to exhaust available state court remedies. Alternatively, Respondent requests the Court forego stay and abeyance, and issue an order directing Petitioner to submit an amended petition containing only his exhausted claims. **Weber**, 125 S.Ct. at 1533-35 (district courts have the authority to hold a habeas petition in abeyance while a petitioner exhausts his claims in state court,

but stay and abeyance is available only in limited circumstances).

Petitioner does not dispute that he failed to exhaust all of his claims in state court. Citing his *pro se* status and ignorance of the law, Petitioner insists that he mistakenly thought that his next "procedural step" was to file a federal habeas petition. He requests the Court stay this case and hold this matter in abeyance, pending the exhaustion of his unexhausted claims in state court, or in the alternative, that the Court allow him to file an amended petition excluding the unexhausted grounds.

## Findings and Conclusions

The Undersigned, having considered the motion, the response, and the applicable law, finds the administration of justice would be best served by granting Petitioner's request to amend his petition, rather than dismissing or holding this matter in abeyance, pending exhaustion in state court. Applicants seeking federal habeas corpus relief under § 2254 must exhaust **_all_** claims in state court before seeking federal relief, **Fisher v. Texas**, 169 F.3d 295, 302, (5th Cir. 1999), and a claim must have been presented to the highest court in the state, either on direct appeal or in post-conviction proceedings, to satisfy the exhaustion requirement. **Orman v. Cain**, 228 F.3d 616, 619-20 & n. 6 (5th Cir. 2000); **Mosley v. Jarvis**, 2008 WL 4659358 (N.D. Miss. October 20, 2008). Neither Petitioner's mistaken belief regarding the procedural process nor his status as a *pro se* litigant constitutes "good cause" for his failure to exhaust in state court. *See* **Weber**, 125 S. Ct. 1528 ( stay and abeyance of a federal habeas petition is

only appropriate when petitioner can show good cause for failure to exhaust his state court claims.) Although Petitioner may satisfy exhaustion by pursuing relief under Mississippi's Uniform Post-Conviction Act, Miss. Code Ann. § 99-39-1, *et seq.*, the filing of the instant habeas corpus petition ***did not toll*** the one-year statute of limitations under 28 U.S.C. § 2244(d). *See* **Duncan v. Walker**, 533 U.S. 167, 121 S. Ct. 2120, 2129 (2001) (the statute of limitations period and the tolling provision, together with the exhaustion requirement, encourage litigants to first exhaust all state court remedies and then to file their federal habeas petitions as soon as possible.) Accordingly, at this juncture, an application for post-conviction relief would be too late to toll the one-year statute of limitations period, and any subsequent habeas petition would be dismissed as untimely.

It is therefore the recommendation of the Undersigned United States Magistrate Judge that Respondent's Motion to Dismiss should be granted in part, for the reasons stated herein and that Petitioner's request to amend his petition is hereby granted. It is further recommended, should the subject report and recommendation be adopted, that Petitioner be directed to file an amended petition, excluding the unexhausted claims, within thirty (30) days of the district court's order.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, **Douglass v. United Services Auto. Ass'n.**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 28th day of September 2010.

                                               S/Linda R. Anderson
                                      UNITED STATES MAGISTRATE JUDGE