```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

**BRYANT CARTER**                                              **PETITIONER**

**VS.**                              **CIVIL ACTION NO. 3:10-cv-95-WHB-LRA**

**STATE OF MISSISSIPPI**                                       **RESPONDENT**

## OPINION AND ORDER

This cause is before the Court on the Report and Recommendation of United States Magistrate Judge Linda R. Anderson. After considering the Report and Recommendation[1], and other pleadings in this case, the Court finds the Report and Recommendation should be adopted as the finding of this Court.

### I. Discussion

On February 10, 2010, Petitioner, Bryant Carter ("Carter"), filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition").[2]  In his Petition, Carter raised the following grounds for relief: (Ground One) two of the State's witnesses had been incorrectly qualified as experts;

---

[1] The parties were required to file objections to Judge Anderson's Report and Recommendation on or before October 18, 2010.  No objections were filed.

[2] As Carter is proceeding in this case *pro se*, the allegations in his pleadings have been liberally construed.  See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

(Ground Two) the tender years exception was abused in the trial court; (Ground Three) the State impermissibly coached witnesses during trial; (Ground Four) the trial Court committed multiple evidentiary errors; (Ground Five) the sentence imposed was disproportionate; (Ground Six) the trial judge should have recused; (Ground Seven) the assistance of counsel he received was ineffective; and (Ground Eight) several facts were not presented at trial, which could have resulted in a different verdict.  In response, the State of Mississippi filed a motion seeking the dismissal of Carter's Petition on the basis that he had not satisfied the exhaustion requirement of Section 2254 because he had not presented all of the grounds raised in his Petition to the state courts either on direct appeal or on motion seeking post conviction relief.  In the alternative, the State requested that Carter be required to amend his Petition to seek relief only on those grounds that had been previously presented to the state courts.

On September 28, 2010, Judge Anderson entered a Report and Recommendation in which she found that Carter had failed to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)(1) as regards three of the grounds raised in his Petition.  See Report and Recommendation [Docket No. 11], at 6.  Specifically, Judge Anderson found that the issues raised in Grounds One through Grounds Five of Carter's Petition had previously been presented to the state courts

because each of these issues had been raised on the direct appeal taken from his state court conviction. Judge Anderson also found, however, that Carter had not presented the issues raised in Grounds Six, Seven, and Eight of his Petition to the state courts and, therefore, failed to satisfy the exhaustion requirement of Section 2254 as to these grounds. Id. Finally, Judge Anderson found that Carter had failed to show good cause for his failure to exhaust his potential state court remedies with regards to the issues raised in Grounds Six, Seven, and Eight. Id. at 7-8. Based on these findings, Judge Anderson recommended that the motion of the State be granted to the extent it requested that Carter be required to amend his Petition to exclude all the non-exhausted grounds for relief. Id. at 8.

After reviewing Judge Anderson's Report and Recommendation, and the pleadings relevant thereto, the Court agrees that Carter failed to satisfy the exhaustion requirements of Section 2254 with regard to the issues raised in Grounds Six, Seven, and Eight of his Petition because these issues had not been presented to the state courts either on direct appeal or through a motion seeking post conviction relief. As such, the Court will adopt Judge Anderson's Report and Recommendation recommending that Carter be required to amend his Petition to assert as grounds for relief only those grounds for which the exhaustion requirement has been satisfied, that is only those grounds that were previously presented to the state court.

3

For the foregoing reasons:

IT IS THEREFORE ORDERED that the September 28, 2010, Report and Recommendation of United States Magistrate Judge Linda R. Anderson [Docket No. 11], is hereby adopted as the finding of this Court.

IT IS FURTHER ORDERED that the Motion of the State of Mississippi to Dismiss [Docket No. 9] is hereby denied in part, and granted in part.

To the extent the subject Motion to Dismiss sought the dismissal of Petitioner's 28 U.S.C. § 2254 Petition in its entirety, the Motion is denied.

To the extent the subject Motion to Dismissed requested that Petitioner be required to amend his 28 U.S.C. § 2254 Petition to assert as grounds for relief only those grounds that had been previously presented to the state courts, the Motion is granted.

IT IS FURTHER ORDERED that Petitioner shall have thirty days to amend his 28 U.S.C. § 2254 Petition, if he has not already done so, to assert as grounds for relief only those grounds for which the exhaustion requirement has been satisfied, that is only those grounds that were previously presented to the state courts.

SO ORDERED this the 27th day of October, 2010.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE