IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**BRYANT CARTER**                                                    **PETITIONER**

VS.                                    CIVIL ACTION NO. 3:10-cv-95-WHB-LRA

**STATE OF MISSISSIPPI**                                              RESPONDENT

**OPINION AND ORDER**

This cause is before the Court on the Report and Recommendation of a United States Magistrate Judge. After considering the Report and Recommendation[1] and the other pleadings in this case, the Court finds it should be adopted in its entirety.

**I. Discussion**

This habeas action arises out of Bryant Carter's ("Carter") state law conviction and life sentence for the crime of sexual battery of a child under the age of fourteen, both of which were affirmed on direct appeal. See Carter v. State, 996 So. 2d 112, 114-16 (Miss. Ct. App. 2008). On or about February 10, 2010, Carter filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), in this Court in which he raised eight grounds for relief.[2] Carter was later granted leave to amend his Petition to assert only those grounds on which he had exhausted his state administrative remedies. See

---

[1] The parties were required to file objections to the Report or before February 20, 2013. No objections were filed.

[2] As Carter is proceeding *pro se*, his pleadings have been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

Order [Docket No. 13]. On or about October 26, 2010, Carter filed his Amended Petition alleging the following grounds for relief:

> Ground 1: Expert Witness Qualification – "Two of the State's witnesses were qualified as experts in the field of forensic interviewing even though their testimony was contradictory and conflicting as to industry standards and inconsistent with Mississippi Rules of Evidence in application of their methodologies."
>
> Ground 2: Abuse of the Tender Years of Exception – "I feel there was plain error, prejudicial misuse of the tender years exception in this case in that the jury was subjected to the unnecessary repetition of the allegations a total of ten (10) times."
>
> Ground 3: Coaching the Witness – "Defense was prejudiced by the State's coaching of the witness in open court."
>
> Ground 4: Cumulative Evidentiary Errors – "Several of the trial court's rulings were prejudicial to the defense."
>
> Ground 5: Sentencing Disproportionate – "Sentence imposed was not proportionate to comparative cases tried in this Circuit Court, other Mississippi Circuit Courts, or comparative to particular federal cases."

On review, United States Magistrate Judge Linda R. Anderson entered a Report and Recommendation ("R and R"), recommending that the Petition be dismissed on the merits. See R and R [Docket No. 17].

In the R and R, Judge Anderson found that to be entitled to relief under the Anti-Terrorism and Effective Death Penalty Act, codified at 28 U.S.C. § 2244(d), Carter was required to show that the adjudication of his claims by the Mississippi appellate court either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law..." or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See R and R, at 4 (quoting 28 U.S.C.

2

§ 2254(d)).  Applying these standards, Judge Anderson first found that Carter was not entitled to relief on Ground One of his Amended Petition, that is his challenge regarding the qualification of the State's expert witnesses in the field of forensic interviewing, because there was no evidence in the record to show that "the admission of these expert testimonies violated a specific constitutional right or rendered [Carter's] trial fundamentally unfair."  See R and R, at 5-11.  Second, Judge Anderson found that Carter was not entitled to relief on Ground Two of his Amended Petition, that is the alleged abuse of the tender years exception, because there had been no showing that the decision reached by the appellate court on this issue was contrary to, or an unreasonable application of, federal law.  Id. at 11-13.  Third, Judge Anderson found that Carter was not entitled to relief on Ground Three of his Amended Petition, that is the alleged witness coaching, because there had been no showing that the prosecutor's alleged coaching was a "crucial, critical, highly significant factor in the jury's determination of guilt."  Id. at 13-15 (quoting Tucker v. Day, 969 F.2d 155, 157 (5th Cir. 1992)).  Fourth, Judge Anderson found that Carter was not entitled to relief on Ground Four of his Amended Petition, that is the alleged cummulative evidentiary errors made by the trial court, because (1) he had not overcome the deference given to the appellate court which found that the alleged evidentiary errors had either been cured or rendered harmless at the trial level and/or (2) he had not shown that the alleged evidentiary errors had a "substantial and injurious effect in

3

determining the jury's verdict." Id. at 15-16 (quoting Brecht v. Abrahamson, 507 U.S. 619, 623 (1993)). Finally, Judge Anderson found Carter was not entitled to relief on Ground Five of his Amended Petition, that is his disproportionate sentence challenge, because (1) there had been no showing that the decision by the Mississippi appellate court to affirm his life sentence was objectively unreasonable given that such sentence was permissible under Mississippi Code Annotated Section 97-3-101(3), and (2) he had failed to show that his sentence was either exceedingly rare or extreme and, therefore, in violation of the Eighth Amendment. Id. at 16-19. After considering all of the grounds raised by Carter in his Amended Petition, and finding that he was not entitled to relief on any of them, Judge Anderson recommended that his Amended Petition be dismissed, with prejudice, on the merits.

After reviewing the R and R, to which no objection has been filed, as well as Carter's Amended Petition and other pleadings in this case, the Court agrees that he is not entitled to relief on any of the grounds raised in that Petition. Accordingly, the Court will adopt Judge Anderson's R and R recommending dismissal of this case.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the February 6, 2013, Report and Recommendation of United States Magistrate Judge Linda R. Anderson [Docket No. 17], is hereby adopted as the ruling of this Court. A Final Judgment dismissing this case with prejudice shall be entered this day.

IT IS FURTHER ORDERED that a Certificate of Appealability should not issue. Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED this the 7th day of March, 2013.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE